IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Dewayne Shawn McKenzie, ) | Civil Action No.: 8:13-cv-02488-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Larry Cartledge, Warden of ) | |
| Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Dewayne Shawn McKenzie, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondent Warden Larry Cartledge filed a return and memorandum, as well as a motion for summary judgment. The matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Jacquelyn D. Austin.[1] In the R&R, the Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment and deny Petitioner's petition.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This § 2254 petition arises from Petitioner's indictment for and conviction, after trial, of criminal sexual conduct with a minor, second degree, and lewd act with a child in Darlington County, South Carolina. He was sentenced to a twenty-five years' imprisonment. The facts and procedural history of this case are well-represented by the Magistrate Judge in her R&R and need not be restated in full. However, for the purposes of this order some additional procedural history is required. In September 2013, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

Corpus with this Court, raising several habeas claims.[2] Respondent filed his return and a motion for summary judgment on December 11, 2013. ECF Nos. 16, 17. After receiving notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner timely responded to Respondent's motion. ECF No. 23. Subsequently, the Magistrate Judge issued an R&R, recommending that the Court grant Respondent's motion and dismiss Petitioner's petition. R&R, ECF No. 29. Petitioner filed timely objections to the R&R. ECF Nos. 31, 33. The motion, recommendations of the Magistrate Judge, and Petitioner's objections are now before this Court.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a

---

[2] Petitioner lists four grounds for habeas relief in his petition. His first, second, and fourth grounds allege erroneous rulings of the trial and post-conviction relief ("PCR") courts. Ground One claims the trial court erred in denying his motion to suppress DNA evidence at trial. Ground Two asserts error of the trial court in not taking the testimony of Petitioner during the suppression hearing. Ground Four alleges plain error on the part of the PCR court in denying his motion to reconsider its order denying his PCR application. Only the third ground raised by Petitioner cites an ineffective assistance of trial counsel. Specifically, Petitioner asserts his trial attorney was ineffective in failing to properly challenge the admissibility of his DNA results at trial, namely by failing to call, to testify, an attorney who consented to the *Schmerber v. California*, 384 U.S. 757 (1966), order on Petitioner's behalf and by failing to preserve, for appellate review, the trial court's decision to not take any testimony from Petitioner. Pet. 5–10, ECF No. 1. Indeed, as mentioned by the Magistrate Judge, the South Carolina Court of Appeals found the latter issue unpreserved for review on direct appeal.

party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting Respondent's motion for summary judgment. After reviewing the record, the Magistrate Judge found that all but one of Petitioner's claims were either procedurally barred or not cognizable in a habeas action. The Magistrate Judge reviewed the claim she reported was properly preserved for consideration of the merits and concluded that it was without merit. That claim, part of Petitioner's Ground Three, raised the question of whether his trial counsel was ineffective for failing to challenge successfully the admissibility of the results of a DNA test performed on Petitioner. Ultimately, the Magistrate Judge found no basis for habeas relief and recommended granting Respondent's motion for summary judgment. In his objections, Petitioner raises many objections. After reviewing pertinent parts of the Magistrate Judge's recommendation *de novo* in light of Petitioner's objections, however, the Court finds no error. The Court shall address Petitioner's objections in turn.

### I.   Procedurally Defaulted and Non-cognizable Grounds

The Magistrate Judge reports that Grounds One and Four are not cognizable as habeas claims and that Grounds Two and part of Three are procedurally defaulted. The Magistrate Judge notes that Ground One is not cognizable because it was a Fourth Amendment claim that Petitioner

3

was given an opportunity to fully and fairly litigate at the trial and on direct review. *See Stone v. Powell*, 428 U.S. 465, 493–95 (1976).   In his objections, Petitioner argues that the evidence does not support the finding that the issue was fully and fairly litigated because he was not permitted to testify at the suppression hearing.  However, the fact he did not testify does not mean he never had the opportunity to litigate the Fourth Amendment claim.  Petitioner, in fact, litigated the Fourth Amendment claim by way of the motion to suppress and appealed the trial court's decision that Petitioner need not testify at the suppression hearing.  The evidence is therefore undisputed that, for the purposes of habeas relief, Petitioner had an adequate opportunity to litigate the issue.  The Magistrate Judge also reports that Ground Four is not cognizable because allegations of defects in post-conviction relief ("PCR") proceedings are not cognizable in a federal habeas action.  Petitioner objects to this recommendation, arguing only that the record does not support the finding that the claim is not cognizable.  Petitioner, however, cannot challenge a PCR court's ruling on a motion to reconsider in a federal habeas action. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988). Grounds One and Four are thus not cognizable and, accordingly, are without merit.

The Magistrate Judge also reports that several of Petitioner's claims are procedurally defaulted.  She notes that Ground Two is defaulted because, while Petitioner raised the issue on direct appeal to the South Carolina Court of Appeals, the appellate court found that the issue was unpreserved for direct review.  Indeed, South Carolina appellate courts require that issues be adequately raised to and ruled upon by a trial court for appellate review for error. *See, e.g.*, *State v. Johnson*, 510 S.E.2d 423, 424 (S.C. 1999) (finding an issue not raised to the trial court not preserved for direct review); *State v. Smith*, 522 S.E.2d 598, 600 (S.C. 1999) (stating that, because a ruling from a motion in limine is subject to change, the losing party must make a contemporaneous objection when the contested evidence is presented at trial for the issue to be preserved on appeal).

4

Therefore, the Magistrate Judge properly reported the issue as defaulted under state law. *See Reed v. Ross*, 468 U.S. 1, 10 (1984); *Wainwright v. Sykes*, 433 U.S. 72, 86–87 (1977) (citing *Henry v. Mississippi*, 379 U.S. 443, 448 (1965)). Petitioner contends in his objections, however, that the Magistrate Judge was incorrect in reporting that he showed no cause for the default. He argues simply that the trial court's error was so clear that the procedural default should be excused. But the mere alleged error of the *trial court* is not a basis for cause for the procedural default.[3] *See Murray v. Carrier*, 477 U.S. 478, 488–89 (1986). Moreover, the Court notes Plaintiff fails to meet his burden of showing actual prejudice resulting from the default. Specifically, the trial court noted that it had taken judicial notice, based on court records, that the attorney who signed a consent *Schmerber*[4] order for a blood test of Petitioner had been appointed to represent Petitioner at the time. ECF No. 71-1, at 61. The trial court explained that Petitioner's testimony, which it presumed would contradict the self-proving court document and judicially noticed fact, would not be found credible against court records. *Id.* Petitioner thus cannot show that, had he even testified, the DNA evidence would have been suppressed by the trial court (or that the suppression would have led to his acquittal). *See, e.g.*, *United States v. Frady*, 456 U.S. 152, 170 (1982) ("[A petitioner] must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.").

The Magistrate Judge finally reports that Petitioner's claim that his trial counsel was ineffective for failing to preserve the error of the trial court in refusing to take his testimony was procedurally defaulted. Specifically, the Magistrate Judge explains that, although the issue was

---

[3] Petitioner, of course, raises an independent claim of ineffective assistance of counsel alleging his trial counsel caused the procedural default (Ground Three). As the Court discusses below, the PCR court's finding that Petitioner's counsel acted reasonably is appropriate under federal law.
[4] *Schmerber v. California*, 384 U.S. 757 (1966).

5

raised in Petitioner's appeal from the PCR court, the PCR court never actually ruled on the issue and Petitioner never asked the PCR court to do so in his motion to reconsider. *See Marlar v. State*, 653 S.E.2d 266 (S.C. 2007). In his objections, Petitioner contends the PCR court had the opportunity to address his trial counsel's failure to preserve the issue because it was raised by his PCR counsel. The Court has reviewed the record and notes that the PCR court did in fact rule on the issue of Petitioner's trial counsel's failure to object[5] properly to (and not preserve) the trial court's refusal to let Petitioner testify. Indeed, the basis for the South Carolina Court of Appeals' ruling that the issue was unpreserved was Petitioner's trial counsel's failure to *contemporaneously* object to the admission of the blood evidence. Reading the record as a whole, this Court notes that Petitioner's trial counsel (during his testimony) and the PCR court (in its order) were clearly referring to Petitioner's trial counsel's decision to not contemporaneously object to the admission of the blood evidence. The PCR court found Petitioner's trial counsel's decision reasonable. Contrary to the Magistrate Judge's R&R, therefore, this claim was adequately exhausted in the state proceedings and is not procedurally barred in this federal habeas action.[6] Accordingly, Petitioner's

---

[5] The Court notes the relationship between a *contemporaneous* objection and a *continuous* objection, which, although not identical, were used interchangeably in the context of Petitioner's trial counsel's failure to object to the admission of the blood evidence. Indeed, it was in the context of the testimony of Petitioner's trial counsel at the PCR hearing that the term "continuous" or "continued" objection was raised. The term was raised when Petitioner's trial counsel was testifying about the South Carolina Court of Appeals' decision that the issue before it (whether the trial court erred in not permitting Petitioner to testify at the suppression hearing) was not preserved for review because no *contemporaneous* objection had been made. ECF No. 17-3, at 93. When confronted with that issue, Petitioner's trial counsel explained that the strategy for not objecting when the evidence was admitted was to mitigate the prejudicial nature of the evidence on Petitioner by not drawing too much attention to it. *Id.* at 93–94. The PCR court ultimately found that this was a reasonable ("wise") strategy and did not rise to the level of ineffective assistance of counsel. *Id.* at 106.

[6] The Magistrate Judge, despite her report that this claim was procedurally defaulted, reported that the PCR court's decision that Petitioner's trial counsel made a "wise" decision in not objecting to

objections relevant to the Magistrate Judge's recommendation as to Grounds One, Two, and Four are overruled, and those grounds need not be addressed on the merits.[7] What remains are Petitioner's ineffective assistance of counsel claims, to which the Court now turns.

## II.   Ineffective Assistance of Trial Counsel

The Magistrate Judge reports that Petitioner's ineffective assistance of counsel claims are without merit. Specifically, Petitioner alleges that his trial counsel was ineffective in failing to "properly challenge an illegal search and seizure, fail[ing] to present the testimony of an unauthorized attorney who signed a[n] invalid Consent Order, and fail[ing] to preserve for appellate review the trial judge's error in denying [P]etitioner the opportunity to testify." Pet. 8. All of Petitioner's allegations stem from the hearing to suppress the evidence of Petitioner's DNA and the subsequent admission of that evidence. Petitioner raises several objections to the Magistrate Judge's R&R. First, he objects to the Magistrate Judge's reliance on the PCR court's credibility findings, arguing the findings by the PCR court are not supported by the record. Second, he objects to the findings that his trial counsel acted reasonably—in light of valid trial strategy—in deciding not to call the attorney who signed the consent *Schmerber* order to testify and not to contemporaneously object to the admission of the blood evidence at trial. In making these

---

the DNA evidence was proper under federal law. This Court will further address the PCR court's findings below.

[7] Although not thoroughly addressed by the Magistrate Judge in her R&R, the Court finds Petitioner's claim that the South Carolina Court of Appeals committed error in denying his petition for a writ of certiorari—to the extent it is indeed an independent habeas claim alleged—is not cognizable in this habeas action as South Carolina law provides that the decision to issue such a writ is within the discretion of the state appellate court. Indeed, the South Carolina Court of Appeals' denial merely exhausted the issue and perfected Petitioner's ineffective assistance of counsel claims for this Court's review. Moreover, Petitioner did not object to the Magistrate Judge's characterization of his claim as it related to this alleged error of the South Carolina Court of Appeals.

objections, Petitioner points to his trial counsel's PCR-hearing testimony, which Petitioner construes as an admission that he was ineffective.

The Court has reviewed the record *de novo* in light of Petitioner's objections and finds that the PCR court's rulings based of the evidence presented at the PCR hearing were appropriate under federal law. *See* 28 U.S.C. § 2254(d) (providing that a successful habeas claim requires a decision (1) "that was contrary to, or involved and unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"); *Strickland v. Washington*, 466 U.S. 668, 694 (1985) (applying a reasonableness standard to a trial attorney's performance). The Magistrate Judge notes in her report that the PCR court found Petitioner's testimony not credible and his trial counsel's testimony credible.[8] Moreover, the Magistrate Judge points out that the PCR court also ruled that Petitioner's trial counsel performed reasonably in contesting the consent *Schmerber* order, in requesting that Petitioner be permitted to testify, in deciding not to call the attorney who signed the consent *Schmerber* order to testify, and in deciding not to object contemporaneously to the admission of the blood evidence. All of these findings are appropriate in light of § 2254(d) and *Strickland*, and thus Petitioner's habeas claims are without merit. His objections are, accordingly, overruled.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a

---

[8] The Court does not construe the statement that Petitioner highlights in his objections as an admission that he was ineffective. Petitioner's trial counsel said, "[I]f it means that I was ineffective in not doing a continuous objection, then I'll accept that." ECF No. 17-3, at 98. Clearly, the statement was conditional—the condition being the finding of the PCR court—and the PCR court found Petitioner's trial counsel acted reasonably under *Strickland*.

prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the motion for summary judgment, the parties' briefs, the Magistrate Judge's R&R, Petitioner's objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby adopts the Magistrate Judge's R&R as modified.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment (ECF No. 16) is **GRANTED** and that Petitioner's § 2254 petition is **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                            s/ R. Bryan Harwell
                                                            R. Bryan Harwell
                                                            United States District Judge

August 8, 2014
Florence, South Carolina